FILED
2022 Aug-31  PM 03:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

REED MAX KNIGHT,          )
                          )
   Petitioner,           )
                          )
   v.                    )     Case No. 7:22-cv-00037-LSC-NAD
                          )
KAREN CARTER, Warden, et al.,   )
                          )
   Respondents.          )

## <u>MEMORANDUM OPINION</u>

Petitioner Reed Max Knight filed a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner Knight challenges his 2012 conviction in the Circuit Court for Tuscaloosa County, Alabama, for solicitation of murder, and his resulting 25-year sentence.  Doc. 1.  On July 29, 2022, the magistrate judge entered a report pursuant to 28 U.S.C. § 636(b), recommending that the court deny and dismiss Knight's petition.  Doc. 7.  Through counsel, Knight filed timely objections to the report and recommendation.  Doc. 8.

Having carefully reviewed and considered *de novo* the materials in the court file, including the report and recommendation, and Knight's objections, the court **OVERRULES** Knight's objections.  The court **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation.  For the reasons stated below, Knight's petition for a writ of habeas corpus (Doc. 1) is **DENIED** and **DISMISSED WITH**

PREJUDICE.

## DISCUSSION

The report recommended that the court should deny and dismiss Petitioner Knight's petition because the Alabama Court of Criminal Appeals rejected Knight's claim for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), and there was no basis for relief under 28 U.S.C. § 2254, and because Knight's claim under *Giglio v. United States*, 405 U.S. 150 (1972), was both abandoned and meritless.  Doc. 8.

Importantly (and as explained in the report and recommendation, Doc. 7 at 19, 26), the Court of Criminal Appeals "agreed" with the state trial court's credibility determination regarding an affidavit from Knight's trial counsel (Swords) about the strategic decision not to call an inmate (Burrell) as a witness at Knight's trial.  Doc. 4-32 at 29.  In an evidentiary hearing on Knight's post-conviction Rule 32 petition in the state trial court, Swords had testified that he did not call inmate Burrell as a witness because Burrell was not available.  Doc. 4-26 at 60, 70; Doc. 7 at 14. According to Knight, Burrell would have provided testimony calling into question the credibility of the prosecution's key witness, who also was an inmate (Smith). Doc. 1; Doc. 8.  After the Rule 32 hearing, Swords submitted an affidavit stating that he had not reviewed his trial notes before the Rule 32 hearing, and that—having reviewed his notes—he remembered that he had made the strategic decision not to

call Burrell as a witness because Burrell was an inmate.  Doc. 4-28 at 68; Doc. 7 at 16.  The state trial court relied on Swords' post-hearing affidavit, finding it credible, and the Court of Criminal Appeals "agreed."  Doc. 4-24 at 2; Doc. 4-32 at 29; Doc. 7 at 17–19.

In his objections to the report and recommendation, Knight argues that summary disposition would be inappropriate under Federal Rule of Civil Procedure 56, and requests discovery in support of his ineffective assistance of counsel claim. Knight also argues that he is entitled to relief under 28 U.S.C. § 2254(d)(1).  Doc. 8.

## I.    Summary disposition is appropriate (on the record evidence), and Knight's objections fail to show "good cause" for discovery at this time.

Summary disposition is appropriate (on the record evidence), and Knight's objections fail to show good cause for discovery in this case.  Knight's objections first argue that, under Rule 56, "the report and recommendation err in urging summary disposition of [the] petition."  Doc. 8 at 2.  According to Knight, "the question is whether there is a genuine issue of material fact about the ability of Knight to prove, by 'clear and convincing' evidence, that Swords' decision against calling Burrell was not a 'strategic decision,' but was instead a significantly regrettable error."  Doc. 8 at 3–4 (citations omitted).

It is true that "[t]he Federal Rules of Civil Procedure generally govern habeas proceedings" (*Banister v. Davis*, 140 S. Ct. 1698, 1705 (2020)), and that, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure is applicable in

habeas corpus cases" (*McBride v. Sharpe*, 25 F.3d 962, 969 (11th Cir. 1994)).

But, the Federal Rules of Civil Procedure "give way . . . , if and to the extent 'inconsistent with any statutory provisions or [habeas] rules.'" *Banister*, 140 S. Ct. at 1705 (citation omitted).[1]

As explained in the report and recommendation, under § 2254, a state prisoner is entitled to federal habeas relief only if the state court's adjudication of an issue (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" the United States Supreme Court, or (2) was "based on an unreasonable determination of the facts in light of the evidence presented" in state court.  Doc. 7 at 20–21 (citing 28 U.S.C. § 2254(d)).  Knight argues in his objections that he is entitled to relief under 28 U.S.C. § 2254(d)(1).  *See, e.g.*, Doc. 8 at 6.

In this regard, the U.S. Supreme Court has held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"; section 2254(d)(1) "requires an examination of the state-court decision at the time it was made," and "the record under review is limited to

---

[1] *See* Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus . . . to the extent that the practice in those proceedings:  (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases . . . ."); Rule 12, Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

Case 7:22-cv-00037-LSC-NAD   Document 9   Filed 08/31/22   Page 5 of 14

the record in existence at that same time, i.e., the record before the state court."

*Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). So, "[i]f a claim has been

adjudicated on the merits by a state court, a federal habeas petitioner must overcome

the limitations of § 2254(d)(1) on the record that was before that state court." *Id.* at

185. That "*Pinholster* restriction applies to § 2254(d)(2) claims, as well." *Landers*

*v. Warden, Atty. Gen. of Ala.*, 776 F.3d 1288, 1295 (11th Cir. 2015); *accord*

*Raulerson v. Warden*, 928 F.3d 987, 1005 (11th Cir. 2019).

Knight's claim for ineffective assistance of counsel was "adjudicated on the

merits by [the Alabama] state court[s]," so he must "overcome the limitations of

§ 2254(d)(1) on the record that was before th[e] state court[s]." *Cullen*, 563 U.S. at

185.

As noted above, the Alabama Court of Criminal Appeals affirmed the

dismissal of Knight's Rule 32 petition based in part on the trial court's credibility

determination about Swords' post-hearing affidavit. Doc. 4-32 at 29. The report

recommended that there was no basis for this court to revisit the state courts'

credibility determination. Doc. 7 at 27–31.

Likewise, Knight's objections do not identify any basis in the record evidence

for the court—on habeas review—to disturb the state courts' credibility

determination. *See, e.g.*, *Nejad v. Attorney Gen., State of Ga.*, 830 F.3d 1280, 1292

(11th Cir. 2016) ("Determining the credibility of witnesses is the province and

function of the state courts, not a federal court engaging in habeas review." (quoting *Consalvo v. Secretary for Dep't of Corr.*, 664 F.3d 842, 845 (11th Cir. 2011)).

Knight recognizes in his objections (as also explained in the report and recommendation, Doc. 7 at 21–22), that under 28 U.S.C. § 2254(e)(1) "a determination of a factual issue made by a State court shall be presumed to be correct," and that Knight "ha[s] the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see* Doc. 8 at 3, 4, 5, 6, 8.

Knight suggests that "[he] *may* overcome that finding of fact [i.e., the state courts' credibility determination] by clear and convincing evidence." Doc. 8 at 3 (emphasis added). But, on the state court record, he cannot. *See Cullen*, 563 U.S. at 185.

Knight argues that his "own lawyer [Swords], testifying against him after having been called by the State, freely admitted that his decision not to call Burrell was based on what was later revealed to be a mistake of fact." Doc. 8 at 6. While Knight does suggest that this fact alone "is clear and convincing evidence sufficient to overcome any presumption" (Doc. 8 at 6), that argument is nothing more than an unsupported, collateral attack on the state courts' credibility determination.

Without more, Knight cannot overcome the presumption of correctness under 28 U.S.C. § 2254(e)(1) by clear and convincing evidence. Thus, on the record evidence, summary disposition is appropriate, and Knight's objections in this regard

6

are overruled.

Moreover, Knight in his objections has not made any showing of "good cause" for discovery at this time. As a preliminary matter, Knight has not requested an evidentiary hearing.[2] But Knight has requested discovery.[3] Knight argues that, pursuant to Rule 56, he now should be granted leave to conduct discovery of Swords' trial notes. Doc. 8 at 8.[4]

"Unlike typical civil litigants, habeas petitioners are 'not entitled to discovery as a matter of ordinary course.'" *Ochoa v. United States*, -- F.4th --, No. 18-10755, 2022 WL 3459213, at *5 (11th Cir. Aug. 18, 2022) (published) (quoting *Bracy v.*

---

[2] *See, e.g.*, Doc. 8 at 5 ("with or without a hearing"); Rule 8(a), Rules Governing Section 2254 Cases ("If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."); 28 U.S.C. § 2254(e)(2) ("If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows . . . .").

[3] *See, e.g.*, Doc. 8 at 8 ("In this proceeding, Knight should be given the ability to conduct some discovery, so that he can obtain the notes to which Swords relied in his post-hearing affidavit.").

[4] Knight did not request discovery before the report and recommendation issued. Indeed, Knight's request for discovery is inconsistent with his "[Brief] In Opposition To Motion For Summary Judgment," in which he argued that "Knight expects to move the court for permission to engage in limited discovery *if the court does not enter summary judgment against him*." Doc. 6 at 16 (emphasis added). Now, in his objections, Knight requests discovery based in part on the argument that dismissal would be a "misapplication" of the summary judgment standard under Rule 56. *See, e.g.*, Doc. 8 at 4. The court notes that inconsistency, but need not reach the question whether any procedural bar precludes review of this argument, because Knight cannot make the required good cause showing anyway.

*Gramley*, 520 U.S. 899, 904 (1997)).[5]  "Instead, it is within the discretion of the district court to grant discovery upon a showing of good cause." *Id.*; *see* Rule 6(a), Rules Governing Section 2254 Cases ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.").

"Good cause is demonstrated where specific allegations show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Ochoa*, 2022 WL 3459213, at *5 (quoting *Arthur v. Allen*, 459 F.3d 1310, 1310–11 (11th Cir. 2006)).  The Eleventh Circuit has stated that "'good cause for discovery cannot arise from mere speculation' or 'pure hypothesis.'"  *Id.* (quoting *Arthur*, 459 F.3d. at 1311).  In other words, "a habeas case is not a vehicle for a so-called fishing expedition via discovery, in an effort to find evidence to support a claim."  *Id.* (quoting *Borden v. Allen*, 646 F.3d 785, 810, n.31 (11th Cir. 2011)).

Knight argues in his objections that dismissal would be a "misapplication of the standard in section 2254(e)(1) and Rule 56" (Doc. 8 at 4), and that he should be granted leave to request discovery of Swords' trial records (Doc. 8 at 8).  According

---

[5] The Eleventh Circuit's recent *Ochoa* decision specifically involved a habeas proceeding under 28 U.S.C. § 2255.  *Ochoa*, 2022 WL 3459213, at *5.  But that decision discusses habeas petitions generally, and relies on cases that apply the same discovery rules in the § 2254 context.  *See, e.g.*, *id.* at *5 (relying on *Arthur v. Allen*, 459 F.3d 1310, 1310–11 (11th Cir. 2006)).

to Knight, he can rebut the presumption of correctness under § 2254(e)(1) by clear and convincing evidence, "if he can obtain the records to which Joshua Swords referred in the post-hearing affidavit he gave, which contradicted his prior sworn testimony" (Doc. 8 at 4), because, "[i]f the evidence is as Knight expects it will be, it will clearly and convincingly demonstrate that Swords told the truth when he testified under oath in open court" at the Rule 32 hearing (Doc. 8 at 8).

But Knight's objections fail to "show reason to believe that . . . , if the facts are fully developed," Knight may "be able to demonstrate that he is entitled to relief." *Ochoa*, 2022 WL 3459213, at *5. Knight argues that "the chief contradiction lies in an affidavit the State produced to impeach sworn testimony given in open court at the Rule 32 hearing by its own witness [Swords]" (Doc. 8 at 4), that Swords' "sworn testimony" from the Rule 32 hearing is "tantamount to an admission against interest" (Doc. 8 at 8), and that Swords "submitted a sham affidavit contradicting [his] own testimony" (Doc. 8 at 8).

Again, those assertions are conclusory, collateral attacks on the state courts' credibility determination. And Knight's objections identify no factual basis for that collateral attack on the state courts' credibility determination—which is improper on habeas review anyway, *see Nejad*, 830 F.3d at 1292. Indeed, Knight's arguments would have been better addressed to the state trial court that made the credibility determination regarding Swords' affidavit about the strategic decision not to call

Burrell as a witness at Knight's trial.  Even under Rule 56 (in the context of § 2254), Knight has failed to identify any genuine dispute of material fact (*see supra*); Knight only has hypothesized that speculative discovery might lead to a supposed factual dispute.[6]

Knight's request for discovery is premised on "'mere speculation' or 'pure hypothesis.'"  *Ochoa*, 2022 WL 3459213, at *5.  In fact (as explained in the report and recommendation, Doc. 7 at 29–30), the record evidence refutes Knight's speculation that discovery might show that Swords did not make the strategic decision not to call Burrell as a witness.  Aside from Swords' testimony at the Rule 32 hearing (before which he had not reviewed his trial notes, Doc. 4-26 at 63; Doc. 4-28 at 68; Doc. 7 at 15–16, 31), the record evidence demonstrates that Swords stated

---

[6] Even pursuant to the generally applicable rules for civil cases under Rule 56, Knight has not made the requisite showing that summary judgment should be deferred or denied while he takes discovery.  *See* Fed. R. Civ. P. 56(d).  Under Rule 56(d), "a court may 'defer' or 'deny' a motion for summary judgment, allow additional time for discovery, or issue an appropriate order '[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'"  *Burns v. Town of Palm Beach*, 999 F.3d 1317, 1334 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 1361 (2022) (quoting Fed. R. Civ. P. 56(d)).  However, a party "'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts,' but 'must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'"  *Id.* (quoting *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1287 (11th Cir. 2019)).  As explained above in text, Knight's objections include only "vague assertions" that discovery hypothetically might call into question the state courts' credibility determination.  *See id.*  That is an insufficient basis for discovery, even under Rule 56(d).

on multiple occasions that he did not want to call Burrell as a witness for strategic reasons because Burrell was an inmate.  Some of that evidence came from Knight himself, and all of that record evidence corroborates Swords' post-hearing affidavit about the strategic decision not to call Burrell as a witness.  *See* Doc. 4-21 at 91–92; Doc. 4-22 at 2–3; Doc. 4-26 at 36–37; Doc. 4-28 at 68.

In sum, Knight's objections about Rule 56 are overruled, and his request for discovery pursuant to Rule 56 and/or 28 U.S.C. § 2254 is denied.  Based on the record evidence, Knight's request amounts to "a so-called fishing expedition via discovery, in an effort to find evidence to support a claim."  *Ochoa*, 2022 WL 3459213, at *5.

## II.   Knight's objections fail to show any error in the report's recommendation that Knight is not entitled to relief under 28 U.S.C. § 2254(d)(1).

Knight's objections fail to show any error in the report's recommendation that Knight is not entitled to habeas relief on his claim for ineffective assistance of counsel.  Knight's objections argue that he is "entitled to relief under 28 U.S.C. 2254(d)(1)."  Doc. 8 at 6.[7]

---

[7] Knight's objections do not explicitly argue that he is entitled to relief under 28 U.S.C. § 2254(d)(2)—i.e., that the Alabama Court of Criminal Appeals' decision was "based on an unreasonable determination of the facts in light of the evidence presented" in state court.  *Id.*; *see generally* Doc. 8.  But that assertion arguably is implied as part of Knight's request for discovery.  *See supra* Part I.  Knight's objections do not even mention his *Giglio* claim, which appears to have been abandoned, and which fails on the merits anyway.  Doc. 7 at 38–40.

According to Knight, "[i]n concluding that Swords made a strategic decision to refrain from calling Burrell, the State courts misinterpreted *Strickland* to require them to defer to Swords regarding whether, in fact, strategic reasons motivated him to refrain from calling Burrell."  Doc. 8 at 6; *see also* Doc. 8 at 7 (discussing supposed "deference to the decisions of trial counsel").

But the Alabama state courts did not "defer to Swords" in this regard.  Instead, as explained in the report and recommendation (Doc 7 at 17), and above (*see supra* Part I), the state trial court relied on Swords' affidavit about the strategic decision not to call Burrell as a witness, finding it credible (Doc. 4-24 at 2), and the Court of Criminal Appeals "agreed" with that credibility determination (Doc. 4-32 at 29).  So, Knight's objections about the state courts' supposed "deference" to Swords' post-hearing affidavit are overruled.

With respect to Swords' supposed deficient performance, Knight in his objections argues that Swords' affidavit was a "sham," and suggests either that "Swords did not make a strategic decision by failing to call Burrell," or that "Swords made a strategic decision, but that decision was so inept" as to merit habeas relief.  Doc. 8 at 8.  But Knight's objections identify no error in the report and recommendation—aside from the request for discovery to develop those suggestions. *See supra* Part I.  As explained above, Knight has not made the required good cause showing for discovery, so his objections about supposed deficient

performance are overruled.

Knight also argues that, if Swords "did not make a strategic decision" about not calling Burrell as a witness, then "Knight is entitled to habeas relief." Doc. 8 at 7. But that is wrong. As Knight's objections appear to recognize, even if Knight could show deficient performance (and he cannot), relief under *Strickland* still would require Knight to show prejudice. *Strickland*, 466 U.S. at 687; *see* Doc. 7 at 34 (report recommending that Knight cannot show either deficient performance or prejudice).

With respect to supposed prejudice, Knight's objections identify no error in the report and recommendation. Knight argues that he "would have been acquitted, if Knight had the benefit of testimony from a disinterested witness such as Burrell" (Doc. 8 at 8), that "calling [Burrell] would have made [a] difference" (Doc. 8 at 9), and that "[t]he testimony of a disinterested witness [Burrell] would likely have been crucial" (Doc. 8 at 9). But, as explained in the report and recommendation, Burrell's purported testimony largely would have been cumulative of facts already in the record, and there was other evidence in the record that corroborated inmate Smith's testimony against Knight; all of that evidence was sufficient for the jury still to have found Smith credible, and still to have found Knight guilty, even if Burrell had testified. Doc. 7 at 34–37. Because Burrell's testimony would have been cumulative of other evidence, and would not have changed the evidence corroborating Smith's

testimony, Knight's objections about supposed prejudice are overruled.

## CONCLUSION

For the reasons stated above, the court **OVERRULES** Petitioner Knight's objections.  The court **ADOPTS** the magistrate judge's findings and **ACCEPTS** the recommendation.  Accordingly, Knight's petition for writ of habeas corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

In addition, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also due to be **DENIED**.  *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), Rules Governing Section 2254 Cases.  The court will enter a separate final judgment.

**DONE** and **ORDERED** on August 31, 2022.

_____
L. Scott Coogler
United States District Judge

160704

14